FILED
United States Court of Appeals
Tenth Circuit

July 15, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

RONALD BROWN,

Plaintiff-Appellant,

v.

MCDONALDS USA, LLC;
MCDONALDS,

Defendants-Appellees.

No. 11-3013
(D.C. No. 2:10-CV-02620-SAC-KGS)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before **MATHESON**, **McKAY**, and **EBEL**, Circuit Judges.

---

Ronald Brown appeals from the district court's order dismissing without

prejudice his pro se complaint for money damages in which he alleged that he was

a victim of discrimination at a McDonald's restaurant because the cashier refused

to accept his debit card. After granting Mr. Brown's motion to proceed in forma

pauperis, the court reviewed the complaint and issued an order to show cause why

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

it should not be dismissed for failure to state a claim for relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (providing that for complaints filed in forma pauperis, "the court shall dismiss the case . . .  if [it] determines that . . . [it] fails to state a claim on which relief may be granted").  The court considered the response and determined that Mr. Brown failed to state any actionable legal claims, and dismissed the case without prejudice.  This appeal followed.  We conclude that the court's order dismissing the complaint was not a final decision, and as such, we lack jurisdiction under 28 U.S.C. § 1291  to hear the appeal.

Mr. Brown argues that the following facts in his complaint and response to the show-cause order stated a claim for the violation of his civil rights.  Among other things, he alleged that he "was flat refused to use my Bank of America Debt Card, I was told I had to "Pay Cash."  R., Vol. I at 6.  "I [was] not able to purchase w/cash, my company give us cash for repairs.  I told this wom[a]n, a Mexican lady."  *Id.*  As to the reason for the alleged discrimination, Mr. Brown asserted that "I had some belief it was the tee shirt I was wearing had Arizona on it etc.  But however her pro[]fessionalism was very bad.  Had no people of color, it didn't Black etc. just mostly Mexican."  *Id*. at 7.  He asked for money damages because he "had to purchase my food not wanted in another location over [the cashier's] personal attitude she put out."  *Id*.

In his response to the show-cause order, Mr. Brown stated that "[i]t was a case of discrimination and my Civil Rights were violated when McDonald's

employee denied me the right to be able to use my debit card, which all McDonald's across the country, accept debit cards. . . . The McDonald's employee refused me service by not allowing me to use my debit card." *Id*. at 14.

The district court summarized the allegations "as alleging a discriminatory practice by the defendant's employee, but [] fail[ing] to allege any actionable basis for a discrimination claim." *Id*. at 23. As the court further explained, Mr. Brown "has not referred to any law that protects his status as a debit card user or that covers him for wearing a tee shirt with 'Arizona on it,'" *id*.,[1] noting in particular that "[h]e has not alleged that he is a member of a racial minority and that he has been discriminated against on the basis of his race," *id*. In deciding to dismiss the complaint without prejudice, the court wrote: "Because the plaintiff may be in a position to allege a basis for discrimination that is actionable, the court will dismiss the complaint without prejudice." *Id*. at 24.

"A dismissal of the complaint is ordinarily a non-final, nonappealable order (since amendment would generally be available. . .)." *Moya v. Schollenbarger*, 465 F.3d 444, 449 (10th Cir. 2006). "In evaluating finality, . . . we look to the *substance* and *objective intent* of the district court's order, not just its terminology." *Id*. The substance and objective intent of the district court's order

---

[1]    As near as we can ascertain, Mr. Brown's theory is that the Hispanic cashier discriminated against him in response to Arizona's attempted crack-down on illegal immigrants and the fact that he was wearing an Arizona tee shirt.

is clear. The order acknowledged that Mr. Brown "may be in a position to allege a basis for discrimination that is actionable," and thus dismissed the complaint without prejudice.[2] This was "a sufficiently clear invitation to resurrect the action," *id*. at 454 (internal quotation marks omitted), that the dismissal without prejudice is not a final decision.

The appeal is DISMISSED for lack of jurisdiction. Mr. Brown's "Motion for Reconsideration by Plaintiff By the 10th Circuit Court of Appeals Denver, CO" is DENIED.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[2]     On appeal, Mr. Brown appears to concede that his complaint does not contain anything about his race, arguing instead that the pertinent information was contained in the Civil Cover Sheet. Setting aside the fact that the allegations in the complaint are what is at issue, we have examined the Civil Cover Sheet and find no such information.